## Carr v. Fitzpatrick.

(Decided October 1, 1918.)

### Appeal from Bell Circuit Court.

Contracts—Cancellation of for Fraud or Mutual Mistake.—The evidence shows that the contract of sale in this case was pro-

cured by misrepresentation or mutual mistake and the contract is cancelled.

N. J. WELLER for appellant.

CHARLES I. DAWSON for appellee.

Opinion of the Court by Judge Carroll—Affirming.

In June, 1911, the appellant, Carr, sold and conveyed to appellee, Fitzpatrick, lots 1, 2, 3, 4, 5 and 6 in the city of Middlesboro, Kentucky, for which Fitzpatrick paid in cash $568.42, gave his check for $250.00 and executed two promissory notes each for $409.21. Fitzpatrick stopped the payment of the check for $250.00 and refused to pay either of the notes, and thereupon Carr brought this suit against him to recover the amount of the notes and check.

In defense of this suit Fitzpatrick set up that he was induced to accept a deed to the property on account of mutual mistake by the false and fraudulent representations of Carr; and sought a rescission of the contract. After the case had been prepared for trial it was submitted and there was a judgment cancelling the contract and adjudging him the recovery of the money paid and a cancellation of the notes and check. From this judgment Carr prosecutes this appeal. There is no question of law involved in the case as it turns entirely upon the point whether Fitzpatrick was induced to purchase the property by reason of any false and fraudulent statements made by Carr or on account of a mutual mistake.

We will not undertake to set out in full the evidence, but briefly it may be said that the substance of it is that the lots purchased by Fitzpatrick were located on Cumberland avenue, at the point where it is intersected by Peterboro avenue; in other words, they were corner lots fronting on Cumberland avenue; and it is conceded that lots numbers 3, 4, 5, and 6 fronted directly on Cumberland avenue, but that lot number 1 stopped fifty feet short of Cumberland avenue, and lot number 2, twenty-five feet; and it was because these two lots did not run out to Cumberland avenue that Fitzpatrick demanded a rescission of the contract. He purchased the property for residence purposes and it is conceded, as it should be, that if there was any fraud or misrepresentation on the part of Carr or mutual belief on the part of both parties that lots numbers 1 and 2 ran to Cumberland

avenue the judgment rescinding the contract should be sustained.

The facts further show that Fitzpatrick did not live in Middlesboro and did not know at the time of purchasing that lots numbers 1 and 2 fell short of Cumberland avenue the distance stated. On the contrary he believed that all of the lots fronted directly on Cumberland avenue or else he would not have purchased the property at all. He further testified that Carr told him before he purchased that all of the lots ran out to Cumberland avenue, and that he relied on this statement. Carr, who was a resident of Middlesboro, says that he knew lots numbers 1 and 2 did not front on Cumberland avenue, but did not mention this fact to Fitzpatrick, and there is other evidence to the effect that Carr did not know these lots were short of Cumberland avenue, but believed they fronted on it as did the other lots. Looking at the matter from either standpoint it appears to us that both parties believed all the lots ran out to Cumberland avenue, or if not there was such concealment and misrepresentation on the part of Carr as entitled Fitzpatrick to a rescission of the contract, and the judgment is affirmed.